Paul P. Rooney (PR-0333)
REED SMITH LLP
599 Lexington Avenue, 29th Floor
New York, New York 10022
(212) 521-5435
(212) 521-5450 (fax)

*Attorneys for Defendant
  Bosch Rexroth Corporation*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| PRODUCTION RESOURCE GROUP L.L.C., | **ECF FILED** |
| Plaintiff | Index No. 07 CV 2936 (PKC) |
| - against- | **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM** |
| BOSCH REXROTH CORPORATION, | |
| Defendant. | **JURY TRIAL DEMANDED** |

-----------------------------------------------------------x

### BOSCH REXROTH CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT

AND NOW COMES the Defendant, Bosch Rexroth Corporation ("Bosch Rexroth"), by and through its undersigned counsel, with the following Answer to Plaintiff's Complaint, whereof the following is a statement:

1.  Denied. It is denied that Bosch Rexroth breached its contract with Production Resource Group L.L.C. ("Plaintiff"). It is denied that Bosch Rexroth was subcontracted to do work on a construction project in Las Vegas, Nevada. Instead, the scope of Bosch Rexroth's contractual undertakings are fully set forth in the contractual agreement between the parties. It is denied that any work or equipment supplied by Bosch Rexroth was defective, causing damage to Plaintiff.

2. Admitted.

3. Admitted.

4. Bosch Rexroth is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 4 of Plaintiff's Complaint.

5. Admitted.

## FIRST CAUSE OF ACTION

6. No responsive reply is required.

7. Admitted in part; denied in part. Bosch Rexroth admits that Plaintiff was hired by Wynn Design and Development relative to the construction of the La Reve Aqua Theater at the Wynn Hotel in Las Vegas, Nevada. Bosch Rexroth is without knowledge or information sufficient to form a belief as to the date of that agreement or the scope of Plaintiff's contractual undertakings pursuant to its agreement with Wynn Design and Development. As such, the remaining averments contained in Paragraph 7 of Plaintiff's Complaint are denied.

8. It is admitted that in August 2003 Plaintiff and Bosch Rexroth entered into a written agreement entitled "Terms and Conditions of Purchase" which is but one document which constitutes the contractual agreement between the parties. Bosch Rexroth denies the averment that the agreement was "to design and fabricate the hydraulic-based pool center lift system, various other cylinder systems, and related components" as the contractual undertakings set forth in the agreement between the parties speak for themselves.

9. Denied.

10. Denied

11. Bosch Rexroth denies that it breached any agreement with Plaintiff. Bosch Rexroth is without information or knowledge sufficient to form a belief as to the truth of the remaining averments regarding damages claimed as set forth in Paragraph 11 of Plaintiff's Complaint.

12. Denied.

13.     Bosch Rexroth denies that it breached any agreement with Plaintiff. Bosch Rexroth is without information or knowledge sufficient to form a belief as to the truth of the remaining averments regarding damages claimed as set forth in Paragraph 13 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION

14.     No responsive reply required.

15.     Denied. The terms and provisions of the contractual agreement between the parties are fully set forth therein and Bosch Rexroth denies any characterization of those provisions which are not consistent with the written terms and provisions.

16.     Bosch Rexroth denies that it breached any agreement with Plaintiff. Bosch Rexroth is without information or knowledge sufficient to form a belief as to the truth of the remaining averments regarding damages claimed as set forth in Paragraph 16 of Plaintiff's Complaint.

17.     Bosch Rexroth denies that it breached any agreement with Plaintiff. Bosch Rexroth is without information or knowledge sufficient to form a belief as to the truth of the remaining averments regarding damages claimed as set forth in Paragraph 17 of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION

18.     No responsive reply is required.

19.     Denied. The terms and provisions of the contractual agreement between the parties are fully set forth therein and Bosch Rexroth denies any characterization of those provisions which are not consistent with the written terms and provisions.

20.     Bosch Rexroth is without information or knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 20 of Plaintiff's Complaint.

21.     Bosch Rexroth denies that it breached any agreement with Plaintiff. Bosch Rexroth is without information or knowledge sufficient to form a belief as to the truth of the

remaining averments regarding damages claimed as set forth in Paragraph 21 of Plaintiff's Complaint..

WHEREFORE, Defendant Bosch Rexroth Corporation respectfully requests that Plaintiff Production Resource Group L.L.C. not be granted the relief it requests in its Complaint.

**FIRST AFFIRMATIVE DEFENSE**

22. Plaintiff's claims are barred in whole or in part as Bosch Rexroth did not breach its Contractual Agreement with Plaintiff.

**SECOND AFFIRMATIVE DEFENSE**

23. Plaintiff's claims are barred in whole or in part as Plaintiff breached the Contractual Agreement with Bosch Rexroth.

**THIRD AFFIRMATIVE DEFENSE**

24. Plaintiff's claims are barred in whole or in part as Plaintiff provided inaccurate, erroneous, improper, and/or inadequate information and specifications in its Contractual Agreement with Bosch Rexroth, pursuant to which Bosch Rexroth performed its own contractual undertakings and project work.

**FOURTH AFFIRMATIVE DEFENSE**

25. Plaintiff's claims are barred in whole or in part as any and all contractual warranty periods have expired.

**FIFTH AFFIRMATIVE DEFENSE**

26. Plaintiff's claims are barred in whole or in part as Plaintiff has failed to set forth causes of action recognized under applicable law.

**SIXTH AFFIRMATIVE DEFENSE**

27. Plaintiff's claims are barred in whole or in part by virtue of the limitation of liability provision contained in the Contractual Agreement between the parties.

**SEVENTH AFFIRMATIVE DEFENSE**

28. Plaintiff's claims are barred in whole or in part by virtue of the prohibition against the recovery of consequential damages contained in the Contractual Agreement between the parties.

**EIGHTH AFFIRMATIVE DEFENSE**

29. Plaintiff's claims are barred in whole or in part by virtue of Plaintiff's failure to mitigate its damages.

**NINTH AFFIRMATIVE DEFENSE**

30. Plaintiff's claims are barred in whole or in part by virtue of the doctrines of accord and satisfaction.

**TENTH AFFIRMATIVE DEFENSE**

31. Plaintiff's claims are barred in whole or in part by virtue of the doctrine of estoppel.

**ELEVENTH AFFIRMATIVE DEFENSE**

32. Plaintiff's claims are barred in whole or in part by virtue of failure of consideration.

**TWELFTH AFFIRMATIVE DEFENSE**

33. Plaintiff's claims are barred in whole or in part by virtue of the doctrine of release.

**THIRTEENTH AFFIRMATIVE DEFENSE**

34. Plaintiff's claims are barred in whole or in part by virtue of the doctrine of waiver.

**FOURTEENTH AFFIRMATIVE DEFENSE**

35. Plaintiff's claims are barred in whole or in part by virtue of the doctrine of offset.

**FIFTEENTH AFFIRMATIVE DEFENSE**

36. Plaintiff's claims are barred in whole or in part as a result of the improper use of the equipment supplied by Bosch Rexroth.

## SIXTEENTH AFFIRMATIVE DEFENSE

37. Plaintiff's claims are barred in whole or in part by virtue of Plaintiff's improper installation of the equipment supplied by Bosch Rexroth.

WHEREFORE, Defendant Bosch Rexroth Corporation respectfully requests that this Court not grant Plaintiff Production Resource Group L.L.C. the relief requested in its Complaint.

## COUNTERCLAIM

AND NOW COMES the Defendant Bosch Rexroth Corporation ("Bosch Rexroth"), by and through its undersigned counsel, with the following Counterclaim to Plaintiff's Complaint, whereof the following is a statement:

1. Paragraphs 1 through 37 of Bosch Rexroth's Answer and Affirmative Defenses are incorporated by reference herein as if set forth in their entireties.

2. The contractual agreement between the parties consisted of a series of Purchase Orders issued by Plaintiff, "Terms and Conditions of Purchase between Production Resource Group, L.L.C. and Bosch Rexroth Corporation," "Rexroth Scope of Work – Exhibit 1 to Subcontract Agreement;" May 21, 2002 "Pool Lift System Equipment Specifications;" May 31, 2002 "Pool Lift System Supplementary Conditions;" as well as those documents incorporated by reference therein (the "Contractual Agreement").

3. As part of the Contractual Agreement, Plaintiff provided, _inter alia_, technical data, specifications, and application/site environmental conditions information pursuant to which Bosch Rexroth was to perform its contractual undertakings.

4. Upon receipt of the technical data, specifications, and application/site environmental conditions information, Bosch Rexroth fully performed its scope of work as defined by the Contractual Agreement.

5. At all times relevant hereto, Bosch Rexroth fully satisfied the Contractual Agreement with Plaintiff.

6. Plaintiff accepted and paid Bosch Rexroth in full pursuant to the Contractual Agreement.

7. Thereafter, in March of 2005, Plaintiff asserted that Bosch Rexroth had failed to satisfy its contractual obligations and directed that Bosch Rexroth perform additional work and services, and provide additional equipment relative to the La Reve Aqua Theater Project.

8. Pursuant to the specific request of Plaintiff, Bosch Rexroth performed additional work and services, and provided additional equipment for which it has not yet been compensated despite specific requests that Plaintiff make payment.

9. The additional work and services performed and equipment provided was necessary as a result of the inaccurate, erroneous, improper, and/or inadequate technical data and site environmental conditions information provided by Plaintiff and/or, alternatively, the improper use and/or installation of the equipment provided.

### FIRST CAUSE OF ACTION – BREACH OF CONTRACT

10. Paragraphs 1 through 9 of Bosch Rexroth's Counterclaim are incorporated by reference herein as if set forth in their entireties.

11. Pursuant to the Contractual Agreement between the parties, Plaintiff provided Bosch Rexroth with technical data, specifications, and application/site environmental conditions information pursuant to which Bosch Rexroth was to perform its contractual undertakings.

12. The technical data, specifications, and application/site environmental conditions information provided by Plaintiff was inaccurate, erroneous, improper, and/or inadequate and otherwise constituted a material breach of the Contractual Agreement between the parties.

13. As a direct and proximate result of Plaintiff's breach of its Contractual Agreement, Bosch Rexroth has been damaged in an amount equal to the value of additional work, services, and equipment it provided at the specific request of Plaintiff.

14. Despite the requests of Bosch Rexroth, Plaintiff has refused to pay for the additional work, services, and equipment provided.

15. As a direct and proximate result of Plaintiff's breach of the Contractual Agreement with Bosch Rexroth, Bosch Rexroth has sustained damages in an amount of at least $600,000.00 as well as interest thereon for which it seeks recovery from Plaintiff. Further, pursuant to the Contractual Agreement, Bosch Rexroth seeks recovery of its attorneys' fees, court costs, and any and all other damages which it is entitled to recover.

WHEREFORE, Counterclaim-Plaintiff Bosch Rexroth Corporation respectfully requests judgment in the amount of at least $600,000.00, plus interest thereon, attorneys' fees, and court costs against Counterclaim-Defendant Production Resource Group L.L.C.

## SECOND CAUSE OF ACTION – UNJUST ENRICHMENT

16. Paragraphs 1 through 15 of Bosch Rexroth's Counterclaim are incorporated by reference herein as if set forth in their entireties.

17. Pursuant to the specific requests of Plaintiff, Bosch Rexroth performed additional work, services, and provided additional equipment to Plaintiff for which it remains unpaid.

18. Plaintiff has unjustly refused to pay Bosch Rexroth for the value of the additional work, services, and equipment provided despite specific requests from Bosch Rexroth to do so.

19. Plaintiff has been unjustly enriched as Bosch Rexroth has conferred a benefit to Plaintiff and Plaintiff has failed to pay for same.

WHEREFORE, Counterclaim-Plaintiff Bosch Rexroth Corporation respectfully requests judgment in the amount of at least $600,000.00, plus interest thereon, attorneys' fees, court costs, and any and all other damages which it is entitled to recover against Counterclaim-Defendant Production Resource Group, L.L.C.

### THIRD CAUSE OF ACTION – QUANTUM MERUIT

20. Paragraphs 1 through 19 of Bosch Rexroth's Counterclaim are incorporated by reference herein as if set forth in their entireties.

21. At all times relevant hereto, Bosch Rexroth performed work, services, and provided equipment to Plaintiff in good faith and with the expectation of payment.

22. Plaintiff accepted the work, services, and equipment performed and provided by Bosch Rexroth.

23. Plaintiffs have refused to pay to Bosch Rexroth the reasonable value of the work, services, and equipment performed and provided, despite Bosch Rexroth's requests for payment.

WHEREFORE, Counterclaim-Plaintiff Bosch Rexroth Corporation respectfully requests judgment in the amount of at least $600,000.00, plus interest thereon, attorneys' fees, court costs, and any and all other damages which it is entitled to recover against Counterclaim-Defendant Production Resource Group, L.L.C.

REED SMITH LLP
599 Lexington Avenue
New York, New York  10022
(212) 521-5435
(212) 521-5450 (Fax)

By: _____
    Paul P. Rooney (PR 0333)

Dated:  July 3, 2007            Attorneys for Defendant
        New York, New York      Bosch Rexroth Corporation

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 3, 2007 he caused to be served true and correct copies of the foregoing Bosch Rexroth Corporation's Answer and Counterclaim to Plaintiffs' Complaint on the following counsel of record by filing it with the Court by means of the Electronic Case Filing system pursuant to Fed. R. Civ. P. 5 and Local Civil Rule 5.2

    Neil G. Marantz, Esq.
    Atlas & Marantz LLP
    143 Madison Avenue
    New York, NY 10016

_____
Paul J. Rooney