## ATLAS & MARANTZ LLP

ATTORNEYS AT LAW

(212) 213-9666  
FAX (212) 213-9896

143 MADISON AVENUE  
NEW YORK CITY 10016

WWW.ATLASMARANTZ.COM

# MEMO ENDORSED

January 3, 2008

USDS SDNY  
DOCUMENT  
ELECTRONICALLY FILED  
DOC #: _____  
DATE FILED: 1/3/08

BY FAX – (212) 805-7949 – AND MAIL

Honorable P. Kevin Castel  
United States District Judge  
United States Courthouse  
Southern District of New York  
500 Pearl Street  
New York, NY 10007

Re:   Production Resource Group L.L.C. v. Bosch Rexroth Corp.  
      Index No. 07 CV 2936 (PKC)

Dear Judge Castel:

This firm represents Plaintiff Production Resource Group L.L.C. ("PRG") in the above matter. I am writing in response to today's letter to the Court from Defendant's counsel, Mr. Rosolinsky. While I am loathe to engage in any kind of colloquy with counsel before the Court, I am extremely disappointed in the contents of Mr. Rosolinsky's letter and feel that it warrants a response, lest Plaintiff be deemed to have acquiesced to the frankly ludicrous statements therein – particularly the notion that PRG should be forced not only to mediate, but to *withdraw this lawsuit* as a precondition of such mediation.

The bottom line is that although PRG, in good faith, engaged in a settlement meeting with Defendant in August and agreed to consider participating in a rather complex mediation process conceived by Defendant, PRG has ultimately determined that it is not in its best interest to do so – particularly inasmuch as (a) Defendant has insisted that PRG withdraw this lawsuit in order to pursue the mediation, and (b) in the meantime, further investigation of the subject pool system in Las Vegas has underscored Defendant's failure to perform (the Court may recall that this matter involves the question of Defendant's negligent design and fabrication of a hydraulic lift system in connection with the Le Reve Aqua Theater at the Wynn Las Vegas resort). Thus, PRG believes that the best course is to pursue litigation in order to recover its damages.

Honorable P. Kevin Castel
United States District Judge
January 3, 2008
Page 2

    Oddly, Defendant's counsel has not once picked up the telephone since our settlement meeting in August to discuss with me why the mediation has not proceeded, or to discuss anything else for that matter. Thus, the only reason that "no explanation" had been provided by PRG for its unwillingness to pursue mediation was that no explanation had been requested.

    Accordingly, the real purpose of the conference on January 10 will be to chart a reasonable course for discovery in this complex matter. I have reached out to Defendant's counsel to discuss stipulating to such a schedule in advance of the conference but have been ignored; now I realize it is because Defendant is instead holding on to the hope that this Court will actually entertain dismissing the case as part of a unilateral mediation process with PRG as an unwilling participant.

    I trust that Defendant's counsel will from this point forward open the lines of communication and engage generally in conduct that is more productive for all concerned.

                                             Respectfully submitted,

                                             Neil G. Marantz

NGM:tmh

cc: Neil Rosolinsky, Esq. by fax (212) 521-5450

*[Handwritten note: "Talk to each other. SO ORDERED" with signature and date "1-3-08"]*