# ATLAS & MARANTZ LLP

ATTORNEYS AT LAW

(212) 213-9666
FAX (212) 213-9896

143 MADISON AVENUE
NEW YORK CITY 10016

WWW.ATLASMARANTZ.COM

**MEMO ENDORSED**

April 7, 2008

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/8/08
```

BY FAX – (212) 805-7949 – AND MAIL

Honorable P. Kevin Castel
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: Production Resource Group L.L.C. v. Bosch Rexroth Corp.
         Index No. 07 CV 2936 (PKC)

Dear Judge Castel:

  This firm represents Plaintiff Production Resource Group L.L.C. ("PRG") in the above matter. I am writing to request an informal conference with the Court pursuant to Local Civil Rule 37.2 to address discovery abuses being attempted by Defendant Bosch Rexroth Corporation ("Bosch Rexroth").

  It was revealed at the April 1, 2008 Rule 30(b)(6) deposition of Bosch Rexroth that it has suddenly made a distinction between itself and its affiliated company, Rexroth Hydraudyne B.V. ("Rexroth Hydraudyne"), a Netherlands company – which it identified at the deposition as the entity that performed the actual work in question that is the subject of this litigation – so as to withhold the production of critical discovery. Manifestly, Bosch Rexroth is now pretending that it has no control over Rexroth Hydraudyne, and has asserted that it has not and will not provide any discovery from it, even though it has named, in writing, three individuals from the Netherlands company as its "representatives" who have both conducted and prepared discovery on its behalf in this litigation. Indeed, these three individuals attended a production of documents at my office on Bosch Rexroth's behalf on March 19, 2008, and were then named in Bosch Rexroth's Answers to Interrogatories as having "assisted in preparing and/or responding" with respect to that document.

  In other words, Defendant's position is that in order for Plaintiff PRG to depose individuals who have assumed an acknowledged critical role on behalf of Bosch Rexroth in this litigation, and to obtain essential documents generated by and/or reviewed by these individuals, PRG will have to start chasing them in the Netherlands – even though the same individuals have already appeared in my Manhattan office when it suited Bosch Rexroth to have them do so.

Honorable P. Kevin Castel
United States District Judge
April 7, 2008
Page 2

Defendant's counsel now asserts that PRG must "follow procedures of applicable international treaties." (Enclosed is this firm's April 2, 2008 letter and Defendant's counsel's April 4, 2008 response with respect to this issue.)

Notably, Plaintiff's Rule 30(b)(6) Notice defined Defendant as including "Defendant Bosch Rexroth Corporation, its subsidiaries, affiliates, predecessors as well as ... any other person or entity who acted and/or communicated on their behalf." There was no objection to such discovery demand, Defendant admitted that Bosch Rexroth and Rexroth Hydraudyne are affiliated, yet Defendant failed and refused to respond to any questions it deemed within the purview of Rexroth Hydraudyne, even questions regarding the nature of the affiliation of such entities.

Given the limited discovery schedule – this Court has ordered that all discovery be completed by May 2, 2008 – Defendant's tactics are clearly designed to prejudice PRG.

Further, Defendant has served, along with its April 4 letter advising us of its untenable position with respect to withholding such essential discovery, extensive new discovery demands of PRG requiring it to produce massive documentation in connection with other litigation in which it is participating regarding the Wynn Las Vegas resort. Such litigation is completely unrelated to the issues in this case. PRG will seek a protective order with respect to such a bad faith "fishing expedition."

It can readily be demonstrated that the ultimate issues in this case are straightforward: there appears to be no dispute that Bosch Rexroth contracted with PRG to design and build something that did not work as specified. The only issue appears to be whether Bosch Rexroth can nevertheless avoid liability by demonstrating that PRG somehow assumed or excused some of its contractual obligations. Thus, communications between the parties that might bear upon this issue are the critical component of discovery. It is submitted that during Defendant's work on the project it made absolutely no distinction between Bosch Rexroth and Rexroth Hydraudyne in terms of communications between PRG and the entity performing the work, and that accordingly Rexroth Hydraudyne documents and witnesses must be made available in order for this case to be litigated properly – a concept with which Bosch Rexroth would appear to agree based on their own reliance upon Rexroth Hydraudyne in conducting and responding to discovery. Conversely, other litigation in which PRG has participated has no bearing on this issue and is of no relevance whatsoever.

We look forward to discussing this matter further with the Court and we appreciate Your

Honorable P. Kevin Castel
United States District Judge
April 7, 2008
Page 3

Honor's time and attention.

Respectfully submitted,

*[signature]*

Neil G. Marantz

NGM:hbs

cc: Joseph Teig, Esq. by fax (212) 521-5450 and mail

*[Handwritten order:]* Defendant is directed to respond in writing by April 11, 2008. I will hear the parties on April 16, 2008 at 10:30 a.m.

SO ORDERED

*[signature]* USDJ
4-7-08